UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA G.[1],

                Plaintiff,

v.

SOCIAL SECURITY,
COMMISSIONER OF,

                Defendant.

_____/

Case No. 2:25-cv-10842

Honorable Susan K. DeClercq
United States District Judge

Honorable Patricia T. Morris
United States Magistrate Judge

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 18),
ADOPTING REPORT AND RECOMMENDATION (ECF No. 17),
DENYING PLANTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF
No. 13), GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT (ECF No. 15), AND DISMISSING THE CASE**

This matter is presently before this Court on Plaintiff Mirna G.'s objections

to the Magistrate Judge's report recommending that this Court deny Mirna's motion

for summary judgment and grant Defendant Social Security Commissioner (SSC)'s

motion for summary judgment. As explained below, Mirna's objections will be

overruled, Judge Morris's report and recommendation (R&R) will be adopted,

---

[1] Consistent with guidance regarding privacy concerns in Social Security cases by the Judicial Conference Committee on Court Administration and Case Management, the Eastern District of Michigan has adopted a policy to identify plaintiffs in Social Security cases by only their first names and last initials. *See also* FED. R. CIV. P. 5.2(c)(2)(B).

Mirna's motion for summary judgment will be denied, the SSC's motion for summary judgment will be granted, and this case will be dismissed.

## I. BACKGROUND

In this social security disability case, Mirna appeals the SSC's decision—reliant upon the Administrative Law Judge's (ALJ) determination—denying her "application for Social Security Disability Insurance benefits for lack of disability." ECF No. 1 at PageID.1. The case was referred to Magistrate Judge Patricia T. Morris. ECF No. 12. In August 2026, Mirna moved for summary judgment, ECF No. 13, and in September 2026, the SSC moved for summary judgment, ECF No. 15.

Mirna argues that she falls within the category of "disabled" because medical professionals and licensed master social workers (LMSWs) opined that she has "issues with hypertension, diabetes, [chronic] back pain, obesity, asthma and blurry vision…panic attacks and depression," and "emotional stability [that] is variable." ECF No. 13 at PageID.1495–96. She also argues that her testimonial evidence about her physical limitations and subjective experiences with mental, emotional, and physical hardship support her being considered disabled. *Id.* at PageID.1498. Mirna contends that the ALJ did not adequately explain a discrepancy in finding that Mirna had "mild mental limitations" that were not accounted for in the Residual Functional Capacity (RFC) assessment. *Id.* at PageID.1498–1501. Mirna also contends that the ALJ merely summarized but did not expressly articulate why the ALJ did not find

that Mirna's subjective allegations about her symptoms supported "greater RFC limitations," given that they were inconsistent with the other record evidence about her medical conditions. *Id.* at PageID.1501–04.

The SSC disagreed, arguing that the ALJ properly considered all findings and evaluated Mirna's subjective complaints. ECF No. 15. On November 20, 2025, Judge Morris issued a report recommending that this Court deny Mirna's motion for summary judgment and grant the SSC's motion for summary judgment, thereby affirming the ALJ's decision. ECF No. 17. Specifically, Judge Morris found that the ALJ did not err because the ALJ expressly considered Mirna's mild mental limitations to rate the severity of her mental impairments but was not required to incorporate them in the RFC analysis. *Id.* at PageID.1557–63. Judge Morris also found that the ALJ did not err because the record provided enough information for judicial review of how the ALJ evaluated Mirna's subjective and objective symptoms. *Id.* at PageID.1564–68.

Judge Morris gave the Parties 14 days to object. *Id.* at PageID.1568. On December 4, 2025, Mirna filed two objections mirroring her arguments in her motion for summary judgment about her mild mental limitations and subjective evidence. ECF No. 18. In response, the SCC argues that Mirna's objections should be overruled because they are mere expansions of her original arguments and they fail to identify deficiencies in Judge Morris's analysis. ECF No. 19.

## II. LEGAL STANDARD

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of the report to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the findings and recommendations. FED. R. CIV. P. 72(b)(3); *see also Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017 (E.D. Mich. 2021). Moreover, the court may adopt the magistrate judge's report without specifying what it reviewed. *See Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

## III. DISCUSSION

This Court has reviewed Mirna's complaint, ECF No. 1; Mirna's motion for summary judgment, ECF No. 13; the SSC's motion for summary judgment, ECF No. 15; Judge Morris's R&R, ECF No. 17; Mirna's objections, ECF No. 18; and all other applicable filings and law. Having conducted this *de novo* review, this Court finds that Judge Morris's factual conclusions and findings are correct, that she reasonably applied the correct law, and her legal reasoning is sound. Each objection will be addressed in turn.

## A. Objection 1: Mild Mental Limitations

In her first objection to the R&R, Mirna argues that Judge Morris incorrectly found that the ALJ properly considered Mirna's mild mental limitations, reiterating that the ALJ was required to explain its findings about these limitations in the RFC evaluation. ECF No. 18 at PageID.1570–42. But because this objection is merely a restatement of her earlier arguments in her motion for summary judgment, this Court will overrule the objection.

An objection is improper if it disputes only the general correctness of the R&R. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Additionally, objections that "are merely a restatement of the arguments he [or she] presented in his [or her] summary judgment brief" are not sufficient or appropriate. *See Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016). Furthermore, an objection should specify the particular defects of the magistrate judge's R&R rather than merely "disagree" with the determination. *Lewis v. Sole Law, PLLC*, 625 F. Supp. 3d 886, 891 (E.D. Mich. 2023) ("An 'objection' is not valid if it merely disagrees with a magistrate judge's determination 'without explaining the source of the error.'") (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Here, Mirna's objections do not identify a specific error in the magistrate judge's analysis nor any argument beyond her original contentions. Instead, she

merely restates her arguments raised in her summary judgment brief. *See id.*; *see also Funderburg*, 2016 WL 1104466, at *1. Moreover, the unpublished cases she points to in support of her arguments are not applicable here because those cases criticize the ALJ RFC decisions that lacked sufficient explanation for meaningful judicial review. ECF No. 18 at PageID.1571 (collecting cases). But here, Judge Morris was able to meaningfully review the ALJ's decision from the record. *See generally* ECF No. 17. Given that Mirna does not argue to the contrary, her objection appears to be a "mere disagreement" with Judge Morris's findings. *See Lewis*, 652 F. Supp. 3d at 891.

In sum, because Mirna's first objection raises again her previously considered arguments, it will be overruled. *See id.*; *see also Miller*, 50 F.3d at 380.

### B. Objection 2: Subjective Allegations

In Mirna's second objection, she argues that Judge Morris's conclusion that the ALJ properly considered Mirna's subjective allegations is incorrect. ECF No. 18 at PageID.1572. According to Mirna, the ALJ's summary of her treatment was not "thoughtful consideration" of her impairments for the RFC determination. *Id.* But again, this is the same argument that she raised in her motion for summary judgment. *See* ECF No. 13 at PageID.1501, 1503 (arguing that "the ALJ summarized these allegations" without sufficiently explaining why the "evidence did or did not support the RFC"); *see also Funderburg*, 2016 WL 1104466, at *1. Given that Judge Morris

was able to conduct a review of the record to determine why the ALJ made her determination, Mirna has not shown reversible error of the ALJ,[2] much less of Judge Morris. *See Lewis*, 652 F. Supp. 3d at 891. Therefore, this objection will also be overruled. *See id.*; *see also Miller*, 50 F.3d at 380.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Objections to the Report and Recommendation, ECF No. 18, are **OVERRULED**.

Further, it is **ORDERED** that the Report and Recommendation, ECF No. 17, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

Further, it is **ORDERED** that the Defendant's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

**IT IS SO ORDERED.**

**This is a final order and closes the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 19, 2026

---

[2] To the extent that Mirna raises for the first time the argument that "the ALJ's summaries offered a skewed view of the mental and physical impact of [her] treatment," a new argument on the merits cannot be raised in an objection to a magistrate judge's R&R. *See Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000).